**Elizabeth CRAIG, Widow and Dependent of William Frank Craig, Deceased, Plaintiff-Appellant,**

v.

**Caspar WEINBERGER, Secretary of Health, Education and Welfare, Defendant-Appellee.**

**No. 75–1278.**

United States Court of Appeals, Sixth Circuit.

Aug. 28, 1975.

R. Ronald Case, Kelsey E. Friend Law Firm, Pikeville, Ky., for plaintiff-appellant.

Eugene E. Siler, U. S. Atty., Richard E. Duerr, Jr., Asst. U. S. Atty., Lexington, Ky., for defendant-appellee.

Before PECK, McCREE and LIVELY, Circuit Judges.

PER CURIAM.

This is an appeal from the district court's grant of summary judgment in favor of the Secretary of Health, Education and Welfare affirming the denial of appellant's application for black lung benefits under 30 U.S.C. §§ 921(a) and 922(a)(2).

Appellant's husband died January 16, 1959 as he was preparing to depart from his home to go to work at a mine tipple. The relevant medical evidence produced at a hearing before an administrative law judge conducted August 31, 1973, consisted of two items: (1) Dr. William Clarke's report based upon his review of evidence supplied to him that it was "within the realm of medical probability and certainty" that appellant's husband's fatal heart attack was brought on by coal worker's pneumoconiosis, and (2) a death certificate prepared by a physician who was called after appellant's husband had died. The death certificate indicated that the attending physician, who had never treated decedent and who did not perform an autopsy, believed that the immediate cause of death was acute coronary thrombosis and that it was due to arteriosclerosis with hypertension.

The administrative law judge considered Dr. Clarke's report and lay evidence of various persons who knew the decedent who related that he suffered from respiratory problems that some characterized as black lung disease. The judge concluded that pneumoconiosis was a significant contributing cause of death and that black lung benefits should be awarded to his widow. The Appeals Council reversed that decision concluding that:

> [T]he evidence clearly establishes that the cause of the miner's death was of sudden and acute onset arising as a result of a heart attack. The record as a whole does not permit a finding of a respirable disease. With the given facts, it is unreasonable to infer that the miner's fatal heart attack was a byproduct of pneumoconiosis.

Although the district court correctly observed that the issue is whether the Secretary's decision is supported by substantial evidence, we believe that its determination that there was substantial evidence to support the denial was erroneous. In *Combs v. Gardner*, 382 F.2d 949 (6th Cir. 1967), we held that substantial evidence necessary to support the denial of disability benefits under the Social Security Act means more than a scintilla; it is such relevant evidence as reasonable minds would accept to support a conclusion. The *only* evidence that supports the Secretary's denial of benefits in this case is the death certificate in which the physician attributed death to an acute coronary thrombosis due to arteriosclerosis with hypertension. The physician's basis for this opinion does not appear in the record. Also, there is a space on the certificate of death where "other significant conditions contributing to death" are to be listed. In this space, without explanation, the number "4201" appears.

Except for the possibility that this cryptic reference may have some meaning, we would reverse with directions to grant benefits because the only evidence to support the Secretary's contrary decision is a negative inference that could be drawn from the death record that does not mention a lung disorder. This does not amount to "such relevant evidence as reasonable minds would accept as adequate to support a conclusion." *Combs v. Gardner, supra.*

However, because we find no indication in the record what this number might mean and because our view of the Secretary's determination to deny benefits could be affected by an elucidation of this matter, we reverse the judgment and remand the cause to the district court with instructions to remand it to the Secretary for a further hearing concerning the meaning of the number 4201 in the death certificate and to consider anew the evidentiary weight to be accorded the statement in the death certificate about cause of death in light of the apparent lack of personal knowledge on the part of the recording physician and the contrary medical and lay evidence supporting the claim.

Reversed and remanded.