**Eve JACKSON, Plaintiff-Appellant,**

v.

**Caspar WEINBERGER, Secretary of Health, Education and Welfare, Defendant-Appellee.**

No. 75–2336.

United States Court of Appeals, Sixth Circuit.

Submitted March 10, 1976.

Decided March 16, 1976.

review pending cases for appropriate assignment or disposition under Rules 7(e), 8 or 9 or any other rule of this court.

The district court granted summary judgment for the Secretary in this black lung case brought by the widow of a deceased miner. The decedent worked as a coal miner until a few days before his death. The cause of death listed on the death certificate, which was made by the decedent's regular physician, was cardiac arrest due to myocardial infarction. No other contributing cause was shown. An X-ray of decedent's lungs made approximately one month prior to his death was evaluated by a qualified physician as "No pneumoconiosis identified."

The claimant argues that she was entitled to a rebuttable presumption that her husband was totally disabled due to pneumoconiosis at the time of his death as provided in 30 U.S.C. § 921(c)(4) based on other evidence "of the existence of a totally disabling chronic respiratory or pulmonary impairment." The "other evidence" relied upon is the claimant's testimony that her husband had difficulty breathing, coughed up blood and pus on occasion and could not sleep through the night, and the report of a physician who wrote, "What I think happened is that this man did have pulmonary insufficiency enough to make him disabled from doing his usual type of work." This physician also stated that he "thought" the pulmonary insufficiency contributed to the miner's death.

For the widow of a coal miner to recover under the Black Lung Act she must show either that the miner's death was due to pneumoconiosis or that at the time of death, he was totally disabled due to pneumoconiosis. There was substantial evidence in the record to support the Secretary's finding that claimant met neither of these requirements. Claimant was not entitled to the rebuttable presumption of § 921(c)(4), since her husband worked in the mines virtually until his death from cardiac arrest and there was no evidence of probative value that he was totally disabled either from a pulmonary insufficiency or from any other cause.

The judgment of the district court is affirmed.

Steve E. Cichon, St. Clairsville, Ohio, for plaintiff-appellant.

William W. Milligan, U. S. Atty., Thomas D. Thompson, Columbus, Ohio, for defendant-appellee.

Before PHILLIPS, Chief Judge, and PECK and LIVELY, Circuit Judges.

PER CURIAM.

This appeal is before a panel of the court by assignment pursuant to Rule 3(e), Rules of the Sixth Circuit.