**Mary O. MARTENEY, Plaintiff,**

v.

**Caspar WEINBERGER, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 75–61–E.**

United States District Court,
N. D. West Virginia,
Elkins Division.

April 29, 1976.

Bradley J. Pyles, Crandall, Pyles & Crandall, Logan, W. Va., for plaintiff.

James F. Companion, U. S. Atty., Wheeling, W. Va., for defendant.

## MEMORANDUM ORDER

MAXWELL, Chief Judge.

▮ This is an action brought to obtain judicial review of the final decision of the Secretary of Health, Education and Welfare denying the plaintiff's claim as the widow of a miner for "black lung" benefits pursuant to the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. § 901 et seq. Jurisdiction is founded on § 413(b) of the Act, 30 U.S.C. § 923(b), which incorporates § 205(g) and (h) of the Social Security Act, as amended, 42 U.S.C. § 405(g) and (h), by reference. The scope of review is limited to a determination of whether the Secretary's final decision is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Baker v. Weinberger*, 383 F.Supp. 1095 (W.D.Va.1974).

The plaintiff's husband worked as a miner in underground mines for more than 10 years, but left the mines in 1960, and was a construction worker from then until his death on March 25, 1970, at the age of 44. On the date of his death, he was working as a carpenter's helper on a power plant construction project in Harrison County, West Virginia. He became ill while at work, and was taken to Union Protestant Hospital in Clarksburg, West Virginia. The death certificate, signed by a doctor whose signature is illegible, reflects that the deceased miner was dead on arrival at the hospital, that the immediate cause of death was "myocardial infarct acute", and that death was instantaneous. No autopsy was performed.

The plaintiff filed a claim for benefits under the Act in December, 1971. Her claim was denied initially, on reconsideration and upon reexamination under the 1972 amendments to the Act. However, her claim was granted by an administrative law judge following a hearing at which she, a son and a friend of the deceased miner testified. The Appeals Council determined on its own motion to review the hearing decision, and on December 12, 1974, it issued its decision reversing the administrative law judge. This constituted the Secretary's final decision, and this action was timely filed. The case is now pending on cross-motions for summary judgment.

The Secretary's final decision acknowledges that the plaintiff has satisfied the initial requirements for eligibility for benefits, viz., that she is the widow of a miner, has not remarried, has filed a proper application, and was dependent upon the miner

at the time of his death. It denies, however, that she has established that the deceased miner was totally disabled due to pneumoconiosis at the time of his death or that his death was due to pneumoconiosis.

Pneumoconiosis is defined as a chronic dust disease of the lung arising out of employment in a coal mine, 30 U.S.C. § 902(b), and includes the diseases and conditions set forth in 20 C.F.R. § 410.110(o). Total disability is defined in § 402(f) of the Act, 30 U.S.C. § 902(f), and in the regulations prescribed by the Secretary. *See* 20 C.F.R. § 410.412 and other regulations referred to therein. The Secretary, pursuant to the mandate of § 411(b) of the Act, 30 U.S.C. § 921(b), has promulgated regulations for determining whether a miner is totally disabled due to pneumoconiosis, was so disabled at the time of his death, or whether his death was due to pneumoconiosis. It is these regulations, together with the statutory standards and presumptions, that establish the alternative tests for entitlement.

■ Entitlement to benefits under the interim adjudicatory rules, 20 C.F.R. § 410.-490, and under the provisions of § 411(c)(3) of the Act, 30 U.S.C. § 921(c)(3), and its counterpart in the regulations, 20 C.F.R. §§ 410.418 and 410.458, requires the submission of medical evidence which is not present here. The only medical evidence in the record, in fact, other than the death certificate alluded to earlier, is a report of an x-ray taken in 1952, and this can hardly be considered of any evidential value. There is in the record, however, lay evidence in the form of the testimony taken at the hearing and the written statements of three other persons (an acquaintance, a neighbor and another son).

■ Although the lay evidence may not form the basis for application of the presumption of death due to pneumoconiosis arising out of coal mine employment found in § 411(c)(2) of the Act, 30 U.S.C. § 921(c)(2) and the related regulations, 20 C.F.R. §§ 410.456 and 410.462, it is clear that such evidence is to be considered under the provisions of § 413(b) of the Act, 30

U.S.C. § 923(b) and the regulations at 20 C.F.R. §§ 410.414 and 410.454.

■ Inasmuch as the administrative law judge found, despite the absence of medical evidence, that the plaintiff's husband died from pneumoconiosis arising out of his coal mine employment and was entitled to black lung benefits at the time of his death, it is apparent that the testimony adduced at the hearing played a significant part in his decision. It seems clear that the administrative law judge deemed such evidence sufficient to establish the presumption under 20 C.F.R. § 410.454(b). In addition, such evidence may establish eligibility for benefits under the provisions of § 410.454(c),which specifically deals with "other relevant evidence". In any event, a decision reversing a trial examiner's findings is entitled to less weight in applying the "substantial evidence" rule than a decision affirming the trial examiner's findings, and this is particularly true where the credibility of witnesses is involved. *Universal Camera Corp. v. N.L.R.B.*, 340 U.S. 474, 496–97, 71 S.Ct. 456, 468–69, 95 L.Ed. 456, 471–72 (1951); *Tucker v. Celebrezze*, 220 F.Supp. 209 (N.D.Iowa 1963).

The facts of this case are remarkably similar to those in *Craig v. Weinberger*, 522 F.2d 394 (6th Cir. 1975). There the deceased miner died as he was preparing to go to work. The sole medical evidence consisted of (1) the report of a Dr. Clarke, who, based upon his review of evidence supplied to him, concluded that it was "within the realm of medical probability and certainty" that the miner's fatal heart attack was brought on by pneumoconiosis, and (2) the death certificate, signed by a physician who had never treated the decedent and did not perform an autopsy. The administrative law judge found, based upon the medical evidence and lay testimony, that pneumoconiosis was a significant contributing cause of death. The Court reversed the Appeals Council's reversal of the administrative law judge's decision, remarking that the causes of death shown on the death certificate did not constitute substantial evidence to support the denial of benefits.

■ Here, the testimony of the witnesses at the hearing and the statements submitted on behalf of the plaintiff demonstrate that the deceased miner had serious respiratory problems. The Appeals Council's decision contains references to the miner's performance of "strenuous labor" and "heavy labor" after he left the mines, and there is no evidentiary support for these conclusions. The unreliability of the death certificate, the inferences drawn by the Appeals Council from the deceased miner's continued work after leaving the mines, and the apparent disregard for the lay evidence in this case convince the Court that the Secretary's final decision lacks the requisite evidentiary support. Accordingly, it is

ORDERED that the defendant's motion for summary judgment be, and the same is hereby denied, and that the plaintiff's cross-motion for summary judgment be, and the same is hereby granted. It is further

ORDERED that this action be retained on the active docket of this Court pending computation by the defendant of the benefits due and owing to the plaintiff.