**Nell WALLACE, Plaintiff-Appellant,**

v.

**Forrest David MATHEWS, Secretary of Health, Education and Welfare, Defendant-Appellee.**

**No. 76–1472.**

United States Court of Appeals, Sixth Circuit.

Argued April 6, 1977.

Decided May 6, 1977.

Stanley R. Hogg, Creech, Hogg & Williams, George C. Howell, Ashland, Ky., for plaintiff-appellant.

Eldon L. Webb, U. S. Atty., Richard E. Duerr, Jr., Lexington, Ky., for defendant-appellee.

Before PECK and LIVELY, Circuit Judges, and GUY,* District Judge.

PER CURIAM.

This is an appeal by the widow of a coal miner who claims benefits under the Black Lung Act, 30 U.S.C. § 901, *et seq.* The claimant's husband, who had worked as a miner for 32 years, died in 1948. He worked in a mine until the day before he died. The administrative law judge held that the miner was not totally disabled from pneumoconiosis at the time of his death and that his death "was not due to pneumoconiosis or a respirable disease presumed to be pneumoconiosis." The Secretary, acting through the Appeals Council, upheld the denial of benefits.

Upon appeal the district court found that the claimant had produced sufficient evidence "to medically ascribe plaintiff's husband's death to pneumoconiosis." This finding was based on the application of a provision of the Act creating a rebuttable presumption that a miner's death was caused by pneumoconiosis if he was employed for ten years or more in the mines and died from a respirable disease, 30 U.S.C. § 921(c)(2), and a regulation, 20 C.F.R. § 410.462(a), adopted pursuant to the Act.

The district court further concluded, however, that the death certificate which showed the immediate cause of death to be a coronary occlusion "due to" arteriosclerosis created a conflict in the evidence which the Secretary was required to resolve. In *Craig v. Weinberger*, 522 F.2d 394, 395 (6th Cir. 1975), we held that when the only evidence that a miner's death was due to something other than pneumoconiosis consists of a death certificate listing other causes of death the "negative inference that could be drawn from the death record that does not mention a lung disorder . . . ." is not sufficient to overcome the presumption of death due to pneumoconiosis.

The district court distinguished *Craig* on the ground that the doctor who signed the *Craig* death certificate "had neither treated nor examined the miner before his death," whereas the one who signed the *Wallace* certificate was Wallace's personal physician who had attended him a short time before his death. The failure of the miner's personal, treating physician to mention any

* The Honorable Ralph B. Guy, Jr., Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

lung disorder as a cause of death was found to constitute substantial evidence that death was not due to pneumoconiosis. We did not establish a *per se* rule in *Craig* that a death certificate may never constitute sufficient evidence to rebut the presumption of § 921(c)(2). This is clear from our remand "to consider anew the evidentiary weight to be accorded the statement in the death certificate about cause of death *in light of apparent lack of personal knowledge on the part of the recording physician . . . .*" *Craig, supra,* 522 F.2d at 395. (emphasis added). This is precisely the weighing process in which the district court engaged here, and we conclude that the court correctly determined that the death certificate constituted substantial evidence under the facts of this case. *Cf. Adkins v. Weinberger,* 536 F.2d 113, 117 (6th Cir. 1976); *Jackson v. Weinberger,* 532 F.2d 1059 (6th Cir. 1976).

The appellant argues that even if it is concluded that Wallace died of a coronary occlusion due to arteriosclerosis, her evidence established that pneumoconiosis was at least a contributing cause of her husband's death. Having shown that death was due to multiple causes she contends she is entitled to benefits because the Secretary has failed to distinguish the actual cause of death or the actual contribution of each cause to her husband's death. 20 C.F.R. § 410.462(b) provides as follows:

> (b) Death will be found due to a respirable disease when death is medically ascribed to a chronic dust disease, or to another chronic disease of the lung. Death will not be found due to a respirable disease where the disease reported does not suggest a reasonable possibility that death was due to pneumoconiosis. Where the evidence establishes that a deceased miner suffered from pneumoconiosis or a respirable disease and death may have been due to multiple causes, death will be found due to pneumoconiosis if it is not medically feasible to distinguish which disease caused death or specifically how much each disease contributed to causing death.

The district court found that plaintiff had provided evidence sufficient to "medically ascribe" her husband's death to pneumoconiosis. The death certificate merely established that there were other causes of death as well, and we decline to ascribe to this document, prepared in the present case at a time when a further assignment of cause was without legal significance, greater weight than required by the letter of the law. Under these circumstances § 410.-462(b) directs that "death will be found due to pneumoconiosis . . ." unless it is medically feasible to distinguish or allocate cause as set forth therein. There was no showing of such medical feasibility in this case.

The judgment of the district court is reversed, and the cause is remanded for entry of a judgment granting benefits to plaintiff.